**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AKOUSTIS TECHNOLOGIES, INC., *et al.*,[1] | Case No. 24-12796 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline:** **February 3, 2025, at 4:00 p.m. (ET)** |
| | **Hearing Date:** **February 10, 2025, at 10:00 a.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF ORDER**
**(A) EXTENDING TIME TO COMPLY WITH ORDER (I) APPROVING BIDDING**
**PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'**
**ASSETS, (II) AUTHORIZING THE DEBTORS TO ENTER INTO STALKING HORSE**
**AGREEMENT AND TO PROVIDE BIDDING PROTECTIONS THEREUNDER, (III)**
**SCHEDULING AN AUCTION AND APPROVING THE FORM AND MANNER OF**
**NOTICE THEREOF, (IV) APPROVING ASSUMPTION AND ASSIGNMENT**
**PROCEDURES, (V) SCHEDULING A SALE HEARING AND APPROVING THE**
**FORM AND MANNER OF NOTICE THEREOF, AND (VI) GRANTING RELATED**
**RELIEF; AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (each, a "Debtor" and, collectively,

the "Debtors") hereby file this motion (the "Motion") for entry of an order, in substantially the

form attached hereto as Exhibit A (the "Proposed Order"), pursuant to Rule 9006(b)(1) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") extending the January 17, 2025,

deadline (the "Deadline") to comply with paragraph 17 of the *Order (A) Extending Time To*

*Comply With Order (I) Approving Bidding Procedures For The Sale Of Substantially All Of The*

*Debtors' Assets, (II) Authorizing The Debtors To Enter Into Stalking Horse Agreement And To*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Akoustis Technologies, Inc. (9046), Akoustis, Inc. (5617), Grinding and Dicing Services, Inc. (7929), and RFM Integrated Device Inc. (1138).  The Debtors' corporate headquarters is located at 9805 Northcross Center Court, Suite A, Huntersville, NC 28078.

*Provide Bidding Protections Thereunder, (III) Scheduling An Auction And Approving The Form And Manner Of Notice Thereof, (IV) Approving Assumption And Assignment Procedures, (V) Scheduling A Sale Hearing And Approving The Form And Manner Of Notice Thereof, And (VI) Granting Related Relief* [D.I. 176] (the "<u>Bidding Procedures Order</u>"). The Debtors are seeking (i) a short extension of the Deadline to January 21, 2025, to provide Qorvo's chosen independent third party vendor with access to a copy of all data related to any assets the Debtors anticipate being marketed as Cleansed Assets (such assets, the "<u>Proposed Cleansed Assets</u>")[2] and (ii) Qorvo and the Debtors shall exchange proposed search terms to identify Enjoined Information contained in such Proposed Cleansed Assets (if any). In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein is Bankruptcy Rule 9006(b)(1).

---

[2] All terms not defined in this Motion have the meaning ascribed to them in the Bidding Procedures Order.

322121048.2

**BACKGROUND**

4.      On December 16, 2024 (the "Petition Date"), each of the Debtors commenced a voluntary case (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in the Chapter 11 Cases and no request has been made for the appointment of a trustee or an examiner.

5.      Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Mark D. Podgainy in Support of Chapter 11 Petitions and First-Day Motions* [D.I. 2] (the "First Day Declaration"), which is incorporated herein by reference.

6.      Prior to the Petition Date, on October 4, 2021, Akoustis Inc. and Akoustis Technologies, Inc. were named as defendants in a complaint filed by Qorvo, Inc. ("Qorvo"), in the United States District Court for the District of Delaware (the "District Court"), captioned as *Qorvo Inc. v. Akoustis Technologies, Inc.*, No. 1:21- cv-01417-JPM (the "Litigation"), alleging, among other things, patent infringement, false advertising, false patent marketing, and unfair competition. Qorvo sought to enjoin the Company from continuing the alleged infringement as well as monetary damages (including punitive and statutory enhanced damages).

7.      On May 17, 2024, the jury returned a verdict in favor of Qorvo with respect to counts alleging misappropriation of certain trade secrets and patent infringement, including an award of damages in the amount of $38.6 million (the "Jury Award"), and the District Court subsequently entered orders awarding attorney's fees to Qorvo and pre- and post-judgment interest.

322121048.2

8.      In addition to the Damages Award, the Court also granted Qorvo a permanent injunction (the "Injunction"). On October 11, 2024 (though not entered on the docket until October 15, 2024), the District Court entered an order permanently enjoining the Debtors and related parties from possessing, reviewing, using, or disclosing certain information obtained from Qorvo (the "Qorvo Trade Secret Information"), offering, selling, or distributing products that were made using the Qorvo Trade Secret Information; or advertising, promoting, or offering services utilizing the Qorvo Trade Secret Information.

9.      The Debtors sought the Court's approval of bid procedures for a potential sale of substantially all of the Debtors' assets. *See Motion of the Debtors for Entry of Orders (I)(A) Approving Bidding Procedures For The Sale of Substantially All Of The Debtors' Assets, (B) Authorizing The Debtors To Enter Into The Stalking Horse Agreement and To Provide Bidding Protections Thereunder, (C) Scheduling An Auction And Approving The Form And Manner Of Notice Thereof, (D) Approving Assumption And Assignment Procedures, (E) Scheduling A Sale Hearing And Approving The Form And Manner Of Notice Thereof, And (F) Granting Related Relief; And (II)(A) Approving The Sale Of The Debtors' Assets Free And Clear Of Liens, Claims, Interests, And Encumbrances, (B) Approving The Assumption And Assignment Of Executory Contracts And Unexpired Leases, And (C) Granting Relied Relief* (the "Bid Procedures") [Bankruptcy D.I. 14].[3]

10.      After a two-day evidentiary hearing on January 8 and 9, 2025, and further discussion with Qorvo to revise the framework of the proposed order, the Bankruptcy Court the Bidding Procedures Order.

---

[3] All references to "Bankruptcy" docket entries refer to the above-captioned case.

11.    The parties designed this consensual framework to ensure the Proposed Cleansed Assets will be devoid of all Enjoined Information.  Rather than merely allowing for an audit of the Debtors' work, the Debtors agreed to provide Qorvo with a full copy of all data related to any assets the Debtors anticipate being marketed as Cleansed Assets .  *See* Bidding Procedures Order, at ¶ 17.

12.    To coordinate their work, the parties agreed to exchange search terms to identify any Enjoined Information by no later than January 17, 2025.  *See id.* at ¶ 17.

13.    John Cotter has been in contact with Qorvo's attorneys' Robert Masters and Jonathan DeFosse[4] regarding the exchange of search terms and Enjoined Information. *See* Declaration of John J. Cotter (the "Cotter Decl.") at ¶14, attached to the this Motion as Exhibit A.

14.    In an effort to cooperate with Qorvo's team and speed up the review process, the Debtors have agreed to provide Qorvo with access to their Relativity database storing all of the Proposed Cleansed Assets– saving Qorvo time and money. *See* Cotter Decl. at ¶15.

15.    Despite the Debtors' diligent efforts to prepare and deliver the Proposed Cleansed Assets pursuant to the Bidding Procedures Order, they were unable to do so because (a) the Proposed Cleansed Assets needed to be purged of privileged information before the exchange, and (b) it took longer than predicted to gather the Proposed Cleansed Assets because of complexities with certain machinery and because the Debtors' vendors had to re-collect certain files that did not copy adequately the first time. *See* Cotter Decl. at ¶16. The complexities required certain data to be recollected delaying the data exchange process.

---

[4] Sheppard, Mullin, Richter & Hampton LLP is assisting Qorvo with its data review.

16.     The purge has taken longer than anticipated because in addition to requesting the data as loaded on the Relativity platform (which provides a privilege function), Qorvo also requested immediate copies of data before loading on Relativity.

## RELIEF REQUESTED

17.     By this Motion, the Debtors seek entry of the Proposed Order, pursuant to Bankruptcy Rules 9006(b)(1), (i) extending the Deadline to January 21, 2025, to provide Qorvo's chosen independent third party vendor with access to a copy of all data related to any assets the Debtors anticipate being marketed as Cleansed Assets (such assets, the "Proposed Cleansed Assets")[5] and (ii) Deadline to exchange proposed search terms to identify Enjoined Information contained in such Proposed Cleansed Assets (if any).

## BASIS FOR RELIEF

**A.     Cause Exists for an Extension of Time to Provide the Source Data and Exchange Search Terms**

8.     Rule 9006(b)(1)(A) allows the Court to extend a deadline when "a request to extend is made before the period (or a previously extended period) expires." Here, the request is being made prior to the expiration of the Deadline.

9.     Pursuant to paragraph 17 of the Bidding Procedures Order, by no later than January 17, 2025, (a) the Debtors were to provide the Proposed Cleansed Assets, and (b) the Debtors and Qorvo were to exchange search terms to identify any Enjoined Information.

10.     In *Burtch v. Dent (In re Circle Y)*, 345 B.R. 349, 363 (Bankr. D. Del. 2006), the court granted a request for an extension of time to file an answer. The request was timely filed at

---

[5] All terms not defined in this Motion have the meaning ascribed to them in the Bid Procedures Order.

322121048.2

the same time the defendants file their motion to dismiss. Here, like the *Burtch* matter, the Debtor

is filing their request prior to the extinction of the Deadline.

18.     The extension is needed to purge the Proposed Cleansed Assets of privileged

material. *See* Cotter Decl. at ¶17. While the volume of data has been significantly culled down, it

is still voluminous and it took longer than predicted to gather. *See* Cotter Decl. at ¶16.

19.     The Motion is being made in good faith and not for purposes of delay.

20.     Additionally, Qorvo will not be prejudiced by the delay because the Debtors have

agreed to provide Qorvo direct access to Relativity, which is expected to decrease the time Qorvo

needs to set up its review of the Proposed Cleansed Assets. Further, the volume of Source Data—

predicted to be 30 terabytes—is less than the 33 TB predicted at the January 8 hearing.

21.     On the evening of January 17, 2025, John Cotter asked Robert Masters and

Jonathan DeFosse for an extension for the exchange with Qorvo's representatives. *See* Cotter Decl.

at ¶18. After John Cotter's email, Debtors' bankruptcy counsel, Margaret Westbrook also emailed

Qorvo's bankruptcy counsel, Stephen Blank and Leib Lerner, informing them of the request to

counsel at Sheppard, Mullin, Richter & Hampton LLP.[6] Stephen Blank responded to Margaret

Westbrook's email but did not consent to the Motion.

22.     Based upon the above, the Debtors respectfully submit that there is good and

sufficient cause for granting the requested extension of the Deadline.  The Debtors therefore

respectfully request that the Court extend the Deadline by four (4) extra days to January 21, 2025.

---

[6] While Leib Lerner was included on Margaret Westbrook's email, it made clear it did not expect a response to him
in light of the Sabbath.

322121048.2

## NOTICE

23.      Notice of this Motion has been or will be provided to: (i) the U.S. Trustee; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to Qorvo; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

322121048.2

## CONCLUSION

WHEREFORE, the Debtors request that the Court enter the Proposed Order, granting the

relief requested herein and such other and further relief as is just and proper.


Dated:  January 17, 2025
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Matthew B. McGuire (No. 4366)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:    (302) 467-4400
Email:            mcguire@lrclaw.com
               pierce@lrclaw.com

- and -

**K&L GATES LLP**
Jeffrey T. Kucera
Southeast Financial Center, Suite 3900
200 South Biscayne Blvd.
Miami, Florida 33131
Telephone:    (305) 539-3300
Email:            jeffrey.kucera@klgates.com

- and -

Margaret R. Westbrook
301 Hillsborough Street, Suite 1200
Raleigh, North Carolina 27603
Telephone:    (919) 743-7300
Email:            margaret.westbrook@klgates.com

*Counsel to the Debtors*
*and Debtors in Possession*

9

322121048.2