**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AKOUSTIS TECHNOLOGIES, INC., *et al.*,[1] | Case No. 24-12796 (LSS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF JOHN J. COTTER IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF ORDER (A) EXTENDING TIME TO COMPLY WITH ORDER (I) APPROVING BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (II) AUTHORIZING THE DEBTORS TO ENTER INTO STALKING HORSE AGREEMENT AND TO PROVIDE BIDDING PROTECTIONS THEREUNDER, (III) SCHEDULING AN AUCTION AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, (V) SCHEDULING A SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (VI) GRANTING RELATED RELIEF; AND (B) GRANTING RELATED RELIEF**

I, John J. Cotter, hereby declare as follows:

1. I am a Partner at K&L Gates LLP ("KLG").

2. KLG is the above-captioned Debtors' restructuring counsel and also provides the Debtors with legal advice relating to intellectual property issues.

3. I submit this declaration (the "Declaration") in support of the *Debtors' Motion For Entry Of Order (A) Extending Time To Comply With Order (I) Approving Bidding Procedures For The Sale Of Substantially All Of The Debtors' Assets, (II) Authorizing The Debtors To Enter Into Stalking Horse Agreement And To Provide Bidding Protections Thereunder, (III) Scheduling An Auction And Approving The Form And Manner Of Notice Thereof, (IV) Approving Assumption And Assignment Procedures, (V) Scheduling A Sale Hearing And Approving The Form And*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Akoustis Technologies, Inc. (9046), Akoustis, Inc. (5617), Grinding and Dicing Services, Inc. (7929), and RFM Integrated Device Inc. (1138). The Debtors' corporate headquarters is located at 9805 Northcross Center Court, Suite A, Huntersville, NC 28078.

*Manner Of Notice Thereof, And (VI) Granting Related Relief; And (B) Granting Related Relief* (the "Motion").[2]

4. I am assisting the Debtors with the coordination of the turnover of the Proposed Cleansed Assets to Qorvo's representatives.

5. Except as otherwise indicated, all facts in this Declaration are based upon: (a) my personal knowledge; (b) information provided to me by the Debtors' management team, other members of the KLG team, and the Debtors' other advisors; (c) my review of relevant documents; and/or (d) my experience.

6. I have been involved in the Debtors' restructuring, marketing, sale, and cleansing process since approximately November 1, 2024.

7. I am authorized to submit this Declaration in support of the Debtors and the Motion. If called upon to testify, I could and would competently testify to the facts and opinions set forth in this Declaration.

## The Need For An Extension

8. A permanent injunction has been entered in the Qorvo Litigation. The injunction requires the Debtors to conduct a search of their databases in order to identify and purge any information regarding 37 identified trade secrets, which remain under seal, as well as all other documents that contain confidential Qorvo information (either indicated as Qorvo-confidential by the information itself or otherwise known to be Qorvo-confidential by the Debtors) obtained or received without Qorvo's authorization or in violation of any obligation to maintain the confidentiality of that information (collectively, the "Qorvo Trade Secrets").

---

[2] Terms not defined in this Declaration have the definition attributed to them in the Motion.

9. The Debtors sought the Court's approval of bid procedures for a potential sale of substantially all of the Debtors' assets (the "Bidding Procedures Motion"). However, it is not the Debtors' intent to sell Qorvo's property.

10. After a two-day evidentiary hearing on January 8 and 9, 2025, and further discussion with Qorvo to revise the framework of the proposed order, the Bankruptcy Court entered the Bidding Procedures Order.

11. The Bidding Procedures Order includes a number of deadlines to shepherd the review and sale process along and ensure the assets the Debtors propose to sell will be devoid of all Enjoined Information.

12. Rather than merely allowing for an audit of the Debtors' work, the Debtors agreed to provide Qorvo with a full copy of the data and information comprising and relating to the Proposed Cleansed Assets.

13. To coordinate their work, the Debtors agreed to provide data and exchange search terms to identify any Enjoined Information by no later than January 17, 2025 (the "Deadline"). The Deadline was incorporated into the Bidding Procedures Order.

14. Since before the entry of the Bidding Procedures Order, I have been in contact with Qorvo's team, primarily Robert Masters and Jonathon DeFosse, regarding the exchange of search terms and Enjoined Information.

15. Upon the request of Qorvo, and to speed up Qorvo's review process, the Debtors have agreed to provide Qorvo with access to the Relativity database storing the Proposed Cleansed Assets. Thus, Qorvo may save on hosting charges for Relativity and will not have to expend time and resources to upload the Proposed Cleansed Assets into their own database.

16. It is taking longer than expected to collect the data to exchange with Qorvo. This is because of complexities with certain machinery and because the Debtors' vendors had to re-collect certain files that did not copy adequately the first time.

17. Although KLG and its professionals have culled the data down from to approximately 300 terabytes to approximately 30 terabytes, there is still a voluminous amount of information to process. KLG and the Debtors' professionals also are undertaking a purge of privileged information prior to completing the exchange. Thus, KLG and the Debtors' professionals also need the extension to complete the purge, which became necessary when in addition to requesting the data as loaded on the Relativity platform (which provides a privilege function), Qorvo also requested immediate copies of data before loading on Relativity.

18. Tonight (January 17, 2025) it became clear that we would not be able to complete the transfer of data by the end of day. I then attempted to contact Robert Masters and Jonathon DeFosse, by phone and email to reiterate that the Debtors would not be able to upload all data on or before January 17, 2025 and discuss a potential agreed extension. However, at the time of drafting this Declaration, Robert Masters and Jonathon DeFosse had not responded.

19. Despite the Debtors and its professionals' diligent efforts to make the exchange of data on January 17, 2025, I estimate the Debtors will need a short extension of four (4) days to January 21, 2025, to comply with the Deadline.

Dated:  January 17, 2025            /s/ John J. Cotter
        Boston, Massachusetts      John J. Cotter
                                   K&L Gates LLP