# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKOUSTIS TECHNOLOGIES, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12796 (LSS)<br><br>(Jointly Administered)<br><br>**Proposed Hearing Date:**<br>May 16, 2025 at 10:00 a.m. (ET)<br><br>**Proposed Objection Deadline:**<br>May 13, 2025 at 4:00 p.m. (ET) |

### MOTION TO SHORTEN NOTICE AND OBJECTION PERIODS REGARDING DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL AND (B) GRANTING RELATED RELIEF

The above-captioned debtors-in-possession (the "Debtors"), by and through their undersigned counsel, hereby file this motion (the "Motion to Shorten") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Order") shortening the notice and objection periods with respect to *Debtors' Second Motion for Entry of an Order (A) Authorizing the Debtors' Use of Cash Collateral and (B) Granting Related Relief* (the "Second Cash Collateral Motion")[2] filed contemporaneously herewith. The Second Cash Collateral Motion seeks to authorize the Debtors to continue utilizing their Cash Collateral (as defined in the Second Cash Collateral Motion) through and including August 22, 2025, without the Prepetition Secured Party's consent and without continuing to provide the Prepetition Secured Party additional replacement liens. The Debtors respectfully request that the Court hear the Second Cash Collateral Motion at

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Akoustis Technologies, Inc. (9046), Akoustis, Inc. (5617), Grinding and Dicing Services, Inc. (7929), and RFM Integrated Device Inc. (1138). The Debtors' corporate headquarters is located at 9805 Northcross Center Court, Suite A, Huntersville, NC 28078.

[2] Terms not defined in this Motion have the definitions attributed to them in the Second Cash Collateral Motion.

{1472.002-W0081410.}
323336173.4

the May 16, 2025 hearing at 10:00 a.m. (ET) (the "May 16 Hearing") and set an objection deadline of May 13, 2025 at 4:00 p.m. (ET).  In support of the Motion to Shorten, the Debtors respectfully represent as follows:

## JURISDICTION & VENUE

1. The United States Bankruptcy Cort for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001(b) and Local Rule 9006-1(e).

## BACKGROUND

3. On December 16, 2024 (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases") by each filing with the Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their business and manage their properties as debtors-in-possession, pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. On December 30, 2024, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors in the Chapter 11 Cases (the "Committee") [D.I. 93]. The U.S. Trustee has since filed two amendments to the appointment [D.I. 96 & 150].

6. Additional information regarding the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in detail in the *Declaration of Mark D. Podgainy in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [D.I. 2] (the "First Day Declaration"), which is incorporated herein by reference.

### *The Original Cash Collateral Motion and Order*

7. On the Petition Date, the Debtors filed *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors' Use of Cash Collateral; (B) Granting Adequate Protection to the Prepetition Secured Party; (C) Scheduling a Final Hearing; and (D) Granting Related Relief* [D.I. 13] (the "Original Cash Collateral Motion").

8. On December 18, 2024, the Court entered an interim order approving the Original Cash Collateral Motion [D.I. 56], and on January 13, 2025, the Court entered a final order approving the same [D.I. 179] (as amended, the "Original Cash Collateral Order"). Under the terms of the Original Cash Collateral Order, the Court authorized the Debtors to use the Cash Collateral through and including January 31, 2025 (the "Expiration Date").

9. On January 31, 2025 [D.I. 246], March 14, 2025 [D.I. 363], April 28, 2025 [D.I. 481], and May 5, 2025 [D.I. 538], the Court entered orders amending the Original Cash Collateral Order to extend the Expiration Date through March 28, 2025, April 25, 2025, May 2, 2025, and May 23, 2025, respectively.

10. To continue extending the Expiration Date, the Debtors have had to engage in negotiations with the Prepetition Secured Party, who has refused to consent to a long-term use of Cash Collateral. The Debtors have consistently attempted to work in good faith with the Prepetition Secured Party to obtain consensual extensions of the Original Cash Collateral Order, but have been unable to reach an agreement to allow for the continued use of Cash Collateral.

11. Accordingly, the Debtors believe it is necessary to file the Second Cash Collateral Motion to obtain approval of use of the Cash Collateral on a non-consensual basis through and including August 22, 2025. If the Second Cash Collateral Motion were heard on normal notice, the Court would not consider the Second Cash Collateral Motion until after the current Expiration Date (*i.e.*, May 23, 2025). Absent obtaining this relief prior to the current Expiration Date, the Debtors will not be able to continue using their Cash Collateral to the detriment of their estates.

## RELIEF REQUESTED

12. By this Motion to Shorten, the Debtors seek authority pursuant to Bankruptcy Code section 105(a) and Local Rule 9006-1(e) to shorten the notice and objection periods required for a hearing on the Second Cash Collateral Motion so that the Second Cash Collateral Motion may be heard at the May 16 Hearing, with objections to the relief sought in the Second Cash Collateral Motion due three (3) days before the hearing on May 13, 2025 at 4:00 p.m. (ET).

## BASIS FOR RELIEF

13. Pursuant to Bankruptcy Rule 9006-1(c), notice of a motion such as the Second Cash Collateral Motion ordinarily must be provided at least at least fourteen (14) days prior to the hearing date, with the deadline for objection(s) to be no later than seven (7) days before the hearing date. Del. Bankr. L.R. 9006-1(c)(i)–(ii). However, the Court may order that a motion be heard on less notice than required by the Local Rules upon "written motion (served on all interested parties)

specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). No hearing on such a motion to shorten is required. *See id.* Bankruptcy Rule 4001(b) also permits the Court to conduct a hearing on a motion to use cash collateral within fourteen (14) days. *See* Fed. R. Bankr. P. 4001(b)(2)(A) ("If the motion so requests, the court may conduct a preliminary hearing before th[e] 14-day [notice] period ends.").

14. Additionally, Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Together, Local Rule 9006-1(e) and Bankruptcy Code section 105(a) provide ample authority for the Court to grant this Motion to Shorten.

15. As explained in the Second Cash Collateral Motion, the exigent circumstances that exist include that the Debtors only have authority to use their Cash Collateral through May 23, 2025, after which they will not be able to continue their operations on a postpetition basis. Absent authority to continue using their Cash Collateral, the Debtors' estates will suffer. The Debtors have attempted to negotiate with the Prepetition Secured Party; however, the Prepetition Secured Party continues to place unnecessarily burdensome conditions on the use of the Cash Collateral on a consensual basis. Thus, to ensure the Debtors are able to continue utilizing their Cash Collateral to maximize the value of their estates through these Chapter 11 Cases, the Debtors must have the Second Cash Collateral Motion heard prior to the current Expiration Date.

16. Accordingly, the Debtors respectfully request that the Motion to Shorten be granted.

**NOTICE AND NO PRIOR REQUEST**

17. The Debtors have provided notice of this Motion to Shorten and the Second Cash Collateral Motion by CM/ECF and hand and/or overnight delivery. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

18. Consistent with the Debtors' obligations under Local Rule 9006-1(e), the Debtors contacted counsel for the Prepetition Secured Party, counsel for the Committee, and counsel for the U.S. Trustee on May 6, 2025, regarding the relief sought in this Motion to Shorten. Counsel for the Prepetition Secured Party and for the Committee each consented to the expedited consideration of the Second Cash Collateral Motion. On May 7, 2025, the Debtors followed up with the U.S. Trustee regarding the relief sought in this Motion to Shorten and, as of the filing of this Motion to Shorten, the Debtors have not received a response from the U.S. Trustee.

19. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) granting the relief requested by the Motion to Shorten; and (ii) granting such other and further relief as is just and proper.

Dated: May 7, 2025
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Joshua B. Brooks*
Matthew B. McGuire (No. 4366)
Matthew R. Pierce (No. 5946)
Joshua B. Brooks (No. 6765)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:   (302) 467-4400
Email:   mcguire@lrclaw.com
  pierce@lrclaw.com
  brooks@lrclaw.com

- and -

**K&L GATES LLP**
Jeffrey T. Kucera (admitted *pro hac vice*)
Carly S. Everhardt (admitted *pro hac vice*)
Southeast Financial Center, Suite 3900
200 South Biscayne Blvd.
Miami, Florida 33131
Telephone:   (305) 539-3300
Email:   jeffrey.kucera@klgates.com
  carly.everhardt@klgates.com

- and –

Margaret R. Westbrook (admitted *pro hac vice*)
301 Hillsborough Street, Suite 1200
Raleigh, North Carolina 27603
Telephone:   (919) 743-7300
Email:   margaret.westbrook@klgates.com

*Counsel to the Debtors and Debtors in Possession*