**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ATECH (PARENT) RESOLUTION CORP., *et al.*,[1] | Case No. 24-12796 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 825 & 860** |

**JOINDER OF THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS TO THE DEBTORS' ESTIMATION MOTION**
**AND STATEMENT IN CONNECTION WITH THE JOINT CHAPTER 11 PLAN**
**OF ATECH (PARENT) RESOLUTION CORP. AND ITS DEBTOR AFFILIATES**

The Official Committee of Unsecured Creditors (the "Committee") of Akoustis Technologies, Inc. ("Akoustis") and its affiliated debtors and debtors in possession (collectively with Akoustis, the "Debtors"), under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), before the Bankruptcy Court in the District of Delaware (the "Bankruptcy Court"), by and through its undersigned counsel, hereby joins in the *Debtors' Motion for Entry of an Order under Section 502(c) of the Bankruptcy Code Estimating Certain Claims for Purposes of an Initial Distribution* (the "Estimation Motion") [Docket No. 860] and submits this statement in support of the *Joint Chapter 11 Plan of ATech (Parent) Resolution Corp. and its Debtor Affiliates* (the "Plan") [Docket No. 825]. In connection thereof, the Committee respectfully states as follows:

**STATEMENT**

1.      The Committee joins in the Debtors' Estimation Motion in an effort to protect the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: ATech (Parent) Resolution Corp. (9046), ATech Resolution Corp. (5617), Grinding and Dicing Services, Inc. (7929), and RF Chips Resolution Corp. (1138). The Debtors' mailing address is c/o Getzler Henrich & Associates LLC, 295 Madison Avenue, 20th Floor, New York, NY 10017, Attn: Mark D. Podgainy.

efficiency of the Plan's distribution process and the bargain reached among the key stakeholders in these cases embodied in the Plan. The Estimation Motion requests that the Court estimate the contingent, unliquidated claims of Arthur Geiss and Jerry Neal, both former Directors at the Debtors, at $0 for purposes of the Initial Distribution (as defined below) contemplated by the Plan. As noted in the Estimation Motion, the Plan provides that the Plan Administrator must process and make an initial distribution to the holders of Allowed Claims[2] within 30 days after the Effective Date (the "Initial Distribution"). The Initial Distribution will be in an amount no less than half of the cash on hand of the Debtors at such time. *See* Plan Section VI.C.1. The Initial Distribution is a critical mechanism to providing prompt recoveries to general unsecured creditors, who have largely bore the brunt of these chapter 11 cases that have been pending for almost an entire year.

2.      Mr. Geiss and Mr. Neal filed *contingent* and *unliquidated* claims, asserting certain indemnification and advancement rights. Critically, the underlying claims associated with any potential indemnification or advancement rights are not the result of any current litigation and, therefore, Mr. Geiss and Mr. Neal may never hold any claims – let alone any Allowed Claims against the Debtors under the Plan. Given the speculative nature of these claims, and for the reasons set forth in the Estimation Motion, the Committee agrees that estimation of such claims at $0 for Initial Distribution purposes is necessary, proper, and the most effective way to prevent undue delay in these chapter 11 cases, while preserving the rights of all parties, including the rights of Mr. Geiss and Mr. Neal.

3.      The Initial Distribution is an essential part of the Plan and the agreement reached among the Debtors, Qorvo, and the Committee and, although the Committee (and its members)

---

[2]      As defined in the *Joint Chapter 11 Plan of ATech (Parent) Resolution Corp. and its Debtor Affiliates* (the "Plan") [Docket No. 825].

supports the Plan, such support is based on the assumption that the Initial Distribution will neither be diluted nor reserved for in connection with the *contingent*, *unliquidated* claims filed by Mr. Geiss and Mr. Neal. Indeed, certain unsecured creditors, who have voted in the favor of the Plan, have also filed statements with respect to their vote on the Plan, echoing the sentiments of the Debtors' Estimation Motion. *See* Docket Nos. 866 and 867.

4.      For these reasons, and for the reasons set forth in the Estimation Motion, the Committee respectfully requests that the Court grant the Estimation Motion and estimate Mr. Geiss's and Mr. Neal's claims at $0 for purposes of the Initial Distribution.

5.      Subject to the Court's ruling with respect to the Estimation Motion, the Committee also supports confirmation of the Plan and believes that confirmation of the Plan is in the best interest of the Debtors' estates and unsecured creditors.

*[Remainder of page intentionally left blank]*

Dated: December 4, 2025
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Matthew B. Lunn*
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Jared W. Kochenash (No. 6557)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mlunn@ycst.com
kcoyle@ycst.com
jkochenash@ycst.com

-and-

PAUL HASTINGS LLP
Gabriel E. Sasson (admitted *pro hac vice*)
Frank A. Merola (admitted *pro hac vice*)
Matthew D. Friedrick (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: gabesasson@paulhastings.com
frankmerola@paulhastings.com
matthewfriedrick@paulhastings.com

-and-

Matt Warren (admitted *pro hac vice*)
71 South Wacker Drive
Suite 4500
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: mattwarren@paulhastings.com

*Co-Counsel to the Official Committee of Unsecured Creditors*