# **EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ATECH (PARENT) RESOLUTION CORP., *et al.*,[1] | Case No. 24-12796 (LSS) |
| | (Jointly Administered) |
| Debtors. | **Ref. Nos. 780, 781, 819, 823, 824, 825, 857, 876, 879, 880, 881** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
(I) CONFIRMING JOINT CHAPTER 11 PLAN OF ATECH (PARENT)
RESOLUTION CORP. AND ITS DEBTOR AFFILIATES AND
(II) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS**

The above-captioned debtors and debtors-in-possession (the "Debtors") having:

a.     filed, on September 30, 2025, the *Joint Chapter 11 Plan of ATech (Parent) Resolution Corp. and Its Debtor Affiliates* [D.I. 780] (as further modified, supplemented and amended including all attachments and exhibits thereto, the "Plan");[2]

b.     filed, on September 30, 2025, the *Disclosure Statement for the Joint Chapter 11 Plan of ATech (Parent) Resolution Corp. and Its Debtor Affiliates* [D.I. 781] (as further modified, supplemented and amended, the "Disclosure Statement");

c.     filed on October 30, 2025, solicitation versions of the Plan and Disclosure Statement [D.I. 823, 825];

d.     filed, on October 30, 2025, the *Notice of (A) Interim Approval of the Disclosure Statement and (B) Combined Hearing to Consider Final Approval of the Disclosure Statement and Confirmation of the Plan and the Objection Deadline Related Thereto* [D.I. 824] (the "Confirmation Hearing Notice");

e.     distributed solicitations materials, including the ballot for voting on the Plan (the "Ballot"), on or about October 30, 2025 in the form approved in that certain *Order (I) Approving the Disclosure Statement on an Interim Basis;*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: ATech (Parent) Resolution Corp. (9046), ATech Resolution Corp. (5617), GD Chips Resolution Corp. (f/k/a Grinding and Dicing Services, Inc.) (7929), and RF Chips Resolution Corp. (1138). The Debtors' mailing address is c/o Getzler Henrich & Associates LLC, 295 Madison Avenue, 20th Floor, New York, NY 10017, Attn: Mark D. Podgainy.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan. The rules of interpretation set forth in Article I.B of the Plan shall apply to this order (the "Confirmation Order").

*(II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto; and (IV) Granting Related Relief* [D.I. 819] (the "Interim Approval and Procedures Order"), to holders of Claims and Interests and parties in interest, in compliance with the procedures contained in the Interim Approval and Procedures Order, as set forth in the *Affidavit of Service* (and any supplements thereto) [D.I. 833] (the "Solicitation Affidavit");

f.      filed, on November 24, 2025, the *Notice of Filing Plan Supplement* [D.I. 857] (the "Plan Supplement");

g.      filed, on December 8, 2025, the *Declaration of Angela Tsai on Behalf of Stretto Regarding Solicitation and Tabulation of Votes on the Joint Chapter 11 Plan of ATech (Parent) Resolution Corp. and Its Debtor Affiliates* [D.I. 876] (the "Voting Declaration");

h.      filed, on December 11, 2025, the *Notice of Filing of Revised Joint Chapter 11 Plan of Liquidation of ATech (Parent) Resolution Corp. and Its Debtor Affiliates* [D.I. 879];

i.      filed, on December 11, 2025, the *Debtors' Memorandum of Law in Support of (A) Final Approval of the Disclosure Statement and (B) Confirmation of the Plan* [D.I. 880] (the "Confirmation Brief"); and

j.      filed on December 11, 2025, the *Declaration of Mark D. Podgainy in Support of Confirmation of the Joint Chapter 11 Plan of ATech (Parent) Resolution Corp. and Its Debtor Affiliates* [D.I. 881] (the "Confirmation Declaration").

The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") having:

a.      entered the Interim Approval and Procedures Order on October 29, 2025;

b.      by the Interim Approval and Procedures Order, set the deadline to object to the Plan and final approval of the Disclosure Statement as December 3, 2025 at 4:00 p.m. prevailing Eastern Time and the Plan voting deadline as December 3, 2025 at 5:00 p.m. prevailing Eastern Time;

a.      reviewed the Plan, the Disclosure Statement, the Confirmation Declaration, the Confirmation Brief, the Voting Declaration, and all other pleadings, exhibits, statements, affidavits, declarations and comments regarding Confirmation of the Plan, including all objections, statements and reservations of rights made with respect thereto;

b.  heard the statements, arguments and objections, if any, made by counsel and parties in interest in respect of final approval of the Disclosure Statement and Confirmation of the Plan;

c.  considered all oral representations, testimony, documents, filings, and other evidence regarding final approval of the Disclosure Statement and Confirmation of the Plan;

d.  overruled any and all objections to final approval of the Disclosure Statement, the Plan and Confirmation thereof and all statements and reservations of rights not consensually resolved or withdrawn unless otherwise indicated in this Confirmation Order or on the record at the Confirmation Hearing; and

e.  taken judicial notice of the papers and pleadings filed in these chapter 11 cases (the "Chapter 11 Cases").

NOW, THEREFORE, it appearing to the Bankruptcy Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to final approval of the Disclosure Statement and Confirmation have been adequate and appropriate as to all entities affected or to be affected by the Disclosure Statement, the Plan and the transactions contemplated thereby, that the legal and factual bases set forth in the documents filed in support of final approval of the Disclosure Statement and Confirmation and presented at the Confirmation Hearing establish just cause for the relief granted herein, and that after due deliberation thereon and good cause appearing therefore, the Bankruptcy Court hereby makes and issues the following findings of fact, conclusions of law, and orders:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.  Findings and Conclusions.  The findings and conclusions set forth herein and on the record of the Confirmation Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      _Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))_.    The Bankruptcy Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334, and the _Amended Standing Order of Reference_ from the United States District Court for the District of Delaware, dated February 29, 2012.    Approval of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Bankruptcy Court has jurisdiction to enter a final order with respect thereto.    Venue was proper as of the Petition Date and is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      _Eligibility for Relief_.    The Debtors each qualify as a "debtor" under Bankruptcy Code section 109.    As such, each of the Debtors is a proper proponent of the Plan.

D.      _Commencement of the Chapter 11 Cases_.    On December 16, 2024 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases by each filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.    The Debtors continue to operate their businesses and manage their properties as debtors-in-possession, pursuant to Bankruptcy Code sections 1107(a) and 1108.    As of the date hereof, no trustee or examiner has been appointed in these Chapter 11 Cases.

E.      _Judicial Notice_.    The Bankruptcy Court takes judicial notice of the docket of the Debtors' Chapter 11 Cases maintained by the Clerk of the Bankruptcy Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of these Chapter 11 Cases.

F.      _Claims Bar Date_.    On May 12, 2025, the Bankruptcy Court entered the _Order (I) Establishing Bar Dates for Filing Proofs of Prepetition Claims, Including 503(b)(9) Claims; and, (II) Approving the Form and Manner of Notice Thereof_ [D.I. 555] (the "Bar Date Order").

The Bar Date Order, among other things, (i) established June 17, 2025 at 5:00 p.m. prevailing Eastern Time as the general bar date, (ii) approved the form and manner for filing proofs of claim, and (iii) approved notice of the applicable bar dates.  Additionally, the Bar Date Order established June 15, 2025 at 5:00 p.m. prevailing Eastern Time as the deadline for all governmental units holding claims (whether secured, unsecured priority or unsecured non-priority) that arose (or are deemed to have arisen) before the Petition Date to file proofs of claim.

G.     <u>Burden of Proof</u>.  The Debtors have the burden of proving the elements of Bankruptcy Code sections 1129(a) and (b) by a preponderance of the evidence.  The Debtors have met their burden with respect to each applicable element of Bankruptcy Code section 1129. Each witness who testified on behalf of the Debtors at or in connection with the Confirmation Hearing was credible, reliable and qualified to testify as to the topics addressed in his or her testimony.

**<u>Adequacy of the Disclosure Statement</u>**

H.     <u>The Disclosure Statement</u>.  The information contained in the Disclosure Statement contained material information regarding the Debtors so that parties entitled to vote on the Plan could make informed decisions regarding the Plan.  Additionally, the Disclosure Statement contains adequate information within the meaning of Bankruptcy Code section 1125 and complies with any additional requirements of the Bankruptcy Code, Bankruptcy Rules, and applicable non-bankruptcy law.  Specifically, but without limitation, the Disclosure Statement complies with the requirements of Bankruptcy Rule 3016(c) by sufficiently describing in specific and conspicuous bold language the provisions of the Plan that provide for releases and injunctions against conduct not otherwise enjoined under the Bankruptcy Code and sufficiently identifies the persons and entities that are subject to the releases and injunctions.  The Debtors'

use of the Disclosure Statement to solicit votes to accept or reject the Plan was authorized by the Interim Approval and Procedures Order and was appropriate. Solicitation of votes on the Plan was in compliance with the Interim Approval and Procedures Order.

**The Solicitation Process**

I.      <u>Solicitation</u>.    Each of the Plan, the Disclosure Statement, the Ballots and the Confirmation Hearing Notice were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), and the Interim Approval and Procedures Order. The form of the Ballots adequately addresses the particular needs of these Chapter 11 Cases and is appropriate for the holders of Claims in Class 4A (ATech/ATI General Unsecured Claims) – the sole Class of Claims entitled to vote to accept or reject the Plan. The period during which the Debtors solicited acceptances to the Plan was a reasonable period of time for holders to make an informed decision to accept or reject the Plan, and was in accordance with the Interim Approval and Procedures Order, and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable non-bankruptcy law, rule, or regulation. The Debtors were not required to solicit votes from the holders of Claims or Interests in Class 1 (Secured Tax Claims), Class 2 (Other Secured Claims), Class 3 (Other Priority Claims), Class 4B (GD Chips General Unsecured Claims), Class 4C (RF Chips General Unsecured Claims), Class 5 (Intercompany Claims), Class 6 (Intercompany Interests) or Class 7 (Interests in ATI) as these Claims and Interests are (i) unimpaired under the Plan, and thus, the holders of such Claims or Interests are deemed to have accepted the Plan; or (ii) impaired under the Plan and not entitled to receive or retain any property from the Debtors' estates under the Plan on account of their Claims and Interests and thus, the holders of such Claims or Interests are

deemed to reject the Plan. As described in and as evidenced by the Voting Declaration and the Solicitation Affidavit, the transmittal and service of the Plan, the Disclosure Statement, the Ballots, and the Confirmation Hearing Notice (the "<u>Solicitation</u>") were timely, adequate and sufficient under the circumstances.

J.    <u>Notice</u>. As is evidenced by the Solicitation Affidavit, all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan) were served with the Confirmation Hearing Notice and have been given due, proper, timely, and adequate notice in accordance with the Interim Approval and Procedures Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable non-bankruptcy law, rule, or regulation, and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice or resolicitation is required.

K.    <u>Good Faith Solicitation</u>. Based on the record before the Bankruptcy Court in these Chapter 11 Cases, the Debtors, their current members, officers, directors, employees and agents and their respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such persons (i) have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Interim Approval and Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in Bankruptcy Code section 1125 and are entitled to the protections afforded by Bankruptcy Code section 1125(e) and, to the extent such parties are listed therein, the exculpation provisions set forth in Article VIII of the Plan.

L.    <u>Voting</u>.  As evidenced by the Voting Declaration, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Plan, the Interim Approval and Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable non-bankruptcy law, rule, or regulation.  As set forth in the Voting Declaration, Class 4A voted to confirm the Plan.  Based on the foregoing, and as evidenced by the Voting Declaration, at least one Impaired Class of Claims has voted to accept the Plan in accordance with the requirements of Bankruptcy Code sections 1124 and 1126.

M.    <u>Releases, Exculpation and Injunction</u>.  Pursuant to Bankruptcy Code section 1123(b)(3) and Bankruptcy Rule 9019(a), the releases,[3] exculpations and injunctions set forth in Article VIII of the Plan and as modified (as applicable) and implemented by this Confirmation Order, are fair, equitable, reasonable and in the best interests of the Debtors, their Estates, Creditors and Interest Holders.  The Debtor Releases and the Consensual Third Party Releases are warranted, necessary and appropriate, and, in the case of the Consensual Third-Party Releases, consensual, and such releases are supported by the facts and the circumstances of these Chapter 11 Cases and are consistent with Bankruptcy Code sections 105, 1123(b)(6), and 1129 and applicable law in this jurisdiction.  The record of the Confirmation Hearing and these Chapter 11 Cases is sufficient to support the releases, exculpations, and injunctions provided for in Article VIII of the Plan.

**<u>Compliance with the Requirements of Bankruptcy Code Section 1129</u>**

N.    <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy

---

[3] "Debtor Releases" means the releases set forth in Article VIII.C of the Plan and "Consensual Third Party Releases" means the releases set forth in Article VIII.D of the Plan.

Rule 3016, the Plan is dated and identifies the Debtors as the proponents of the Plan, thereby satisfying Bankruptcy Code section 1129(a)(1).

(i)      Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).  With the exception of the Administrative Claims (including Professional Fee Claims) and Priority Tax Claims, which need not be classified, Article III of the Plan classifies seven (7) Classes of Claims and Interests in the Debtors.  The Claims and Interests placed in each Class are substantially similar to the other Claims and Interests, as the case may be, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Interests.  Accordingly, the Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

(ii)      Unimpaired Classes Specified (11 U.S.C. § 1123(a)(2)).  Articles III.B and III.C of the Plan specify that Claims or Interests in Class 1 (Secured Tax Claims), Class 2 (Other Secured Claims), Class 3 (Other Priority Claims), Class 4B (GD Chips General Unsecured Claims), Class 4C (RF Chips General Unsecured Claims), certain claims in Class 5 (Intercompany Claims) and Class 6 (Intercompany Interests) (collectively referenced as the "Unimpaired Classes") are unimpaired under the Plan within the meaning of Bankruptcy Code section 1124, thereby satisfying Bankruptcy Code section 1123(a)(2).

(iii)      Specified Treatment of Impaired Class (11 U.S.C. § 1123(a)(3)).  Articles III.B and III.C of the Plan designate Claims in Class 4A (ATech/ATI General Unsecured Claims), certain claims in Class 5 (Intercompany Claims), and Class 7 (Interests in ATI) (the "Impaired Classes") as impaired within the meaning of Bankruptcy Code section 1124 and clearly specifies the treatment of such Claims in that Class, thereby satisfying Bankruptcy Code section 1123(a)(3).

(iv)    <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  The Plan provides for the same treatment for each Claim or Interest in each respective Class thereby satisfying Bankruptcy Code section 1123(a)(4).

(v)    <u>Adequate Means for Plan Implementation (11 U.S.C. § 1123(a)(5))</u>.  The Plan provides adequate and proper means for the implementation of the Plan, including, without limitation, (i) the vesting of all right, title and interest in and to the Remaining Estate Assets in the Post-Effective Date Debtors; (ii) the appointment of a Plan Administrator; and (iii) the procedures for making distributions to holders of Allowed Claims and Interests.  Accordingly, the Plan satisfies Bankruptcy Code section 1123(a)(5).

(vi)    <u>Prohibition of Issuance of Non-Voting Securities (11 U.S.C. § 1123(a)(6))</u>.  Bankruptcy Code section 1123(a)(6) does not apply to the Plan because the Debtors do not propose to issue any non-voting equity securities under the Plan and any charter of the Debtors will, after the Effective Date, no longer be valid and existing.

(vii)    <u>Designation of Officers, Directors or Trustees (11 U.S.C. § 1123(a)(7))</u>. The Plan does not appoint any officers or directors of the Debtors, except as otherwise set forth in Article IV.E.  Section 1123(a)(7) is thus inapplicable.

(viii)    <u>Earnings from Personal Services (11 U.S.C. § 1123(a)(8))</u>.  Bankruptcy Code section 1123(a)(8) applies only to individual debtors and is not applicable to these Chapter 11 Cases.

(ix)    <u>Impairment/Unimpairment of Classes of Claims and Interests (11 U.S.C. § 1123(b)(1))</u>.  As permitted by Bankruptcy Code section 1123(b)(1), pursuant to Articles III.A and III.B of the Plan, Claims or Interests in the Impaired Classes are impaired and, pursuant to

Articles III.A and III.B of the Plan, Claims and Interests in the Unimpaired Classes, are unimpaired.

(x)     Assumption and Rejection (11 U.S.C. § 1123(b)(2)).    As permitted by Bankruptcy Code section 1123(b)(2) and Article V of the Plan, all executory contracts and unexpired leases shall be deemed rejected as of the Effective Date, unless such executory contract or unexpired lease: (i) was assumed and assigned previously or rejected previously by the Debtors, (ii) previously expired or terminated pursuant to its own terms; or (iii) is the subject of a motion to assume filed on or before the Effective Date.    Rejection of these executory contracts and unexpired leases pursuant to the Plan satisfies the requirements of Bankruptcy Code section 365 and is expressly authorized by Bankruptcy Code section 1123(b)(2).    The Debtors have exercised reasonable business judgment in determining to reject the executory contracts and unexpired leases to be rejected under the Plan.    The rejection of each executory contract or unexpired lease rejected under the Plan shall be binding on the Debtors and each non-debtor party to each such executory contract or unexpired lease.

(xi)     Additional Plan Provisions (11 U.S.C. § 1123(b)(6)).    As permitted by Bankruptcy Code section 1123(b)(6), the Plan includes other appropriate provisions not inconsistent with the applicable provisions of the Bankruptcy Code, including, without limitation, certain release, exculpation, and injunction provisions in Article VIII of the Plan. Based upon the facts and circumstances of these Chapter 11 Cases, the release, exculpation, and injunction provisions in the Plan, including the releases set forth in Article VIII.B and VIII.C. of the Plan (to the extent modified herein), comply with applicable law.    The releases provided by the Debtors and the estates are fair, equitable, and reasonable, are supported by sufficient and valuable consideration, are an integral component of the compromises and settlements

underlying the Plan, are necessary for the realization of value for stakeholders, are the product of extensive arm's length negotiations, or based on consent, are in the best interests of the Debtors and their Estates, Creditors, and Interest holders, and are, in light of the foregoing, appropriate. In addition, the Consensual Third Party Releases set forth in Article VIII.D of the Plan are consensual and the exculpations in Article VIII.E of the Plan do not relieve any party of liability for fraud, gross negligence or willful misconduct.  Accordingly, based upon the record of these Chapter 11 Cases, the representations of the parties, and/or the evidence proffered or adduced at the Confirmation Hearing, the Bankruptcy Court finds that the release, exculpation, and injunction provisions set forth in Article VIII of the Plan are consistent with the Bankruptcy Code and applicable law and are appropriate under the circumstances.

O.    <u>The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. Except as otherwise provided for or permitted by order of the Bankruptcy Court, the Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Interim Approval and Procedures Order in transmitting the Plan, the Disclosure Statement, the Ballot, and related documents and notices and in soliciting and tabulating the votes on the Plan.  Accordingly, the requirements of Bankruptcy Code section 1129(a)(2) are satisfied.

P.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Debtors have proposed the Plan, including all documents necessary to effectuate the Plan, in good faith and not by any means forbidden by law, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(3).  The Debtors' good faith is evident from the facts and record of these Chapter 11 Cases, the Disclosure Statement, and the record of the Confirmation Hearing and other proceedings held in these Chapter 11 Cases.  The Plan itself and the process leading to its

formulation provide independent evidence of the Debtors' good faith, serve the public interest, and assure fair treatment of holders of Claims and Interests.  The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' Estates and to maximize distributions to all Creditors and Interest holders.

Q.      <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  Any payment made or to be made by the Debtors, or by any other person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with these Chapter 11 Cases, or in connection with the Plan and incident to these Chapter 11 Cases, has been approved by, or shall be subject to the approval of, the Bankruptcy Court as reasonable. Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(4).

R.      <u>Directors, Officers, and Successors (11 U.S.C. § 1129(a)(5))</u>.  The Plan does not appoint any officers or directors of the Debtors, except as otherwise set forth in Article IV.E with respect to the Plan Administrator.

S.      <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  The Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction.  Accordingly, Bankruptcy Code section 1129(a)(6) is not applicable in these Chapter 11 Cases.

T.      <u>Best Interest of Creditors (11 U.S.C. § 1129(a)(7))</u>.  The liquidation analysis (attached as Exhibit B to the Disclosure Statement) and other evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that each holder of a Claim in an Impaired Class either has accepted the Plan or will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

The liquidation analysis provided in the Disclosure Statement, including the methodology used and estimations and assumptions made therein, and the evidence related thereto that was proffered at the Confirmation Hearing (a) is persuasive and credible as of the dates such evidence was prepared, presented, or proffered, (b) either has not been controverted by other persuasive evidence or has not been challenged, (c) is based upon reasonable and sound assumptions, and (d) provides a reasonable estimate of the liquidation value of the Debtors' Estates upon a conversion to a chapter 7 case.  Recoveries pursuant to the Plan are equal to or in excess of those that would be available if the Debtors were liquidated pursuant to chapter 7 and, therefore, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(7).

U.    Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).  Claims and Interests in Class 1 (Secured Tax Claims), Class 2 (Other Secured Claims), Class 3 (Other Priority Claims), Class 4B (GD Chips General Unsecured Claims), Class 4C (RF Chips General Unsecured Claims), certain claims in Class 5 (Intercompany Claims), and Class 6 (Intercompany Interests) are unimpaired under the Plan and are conclusively presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant to Bankruptcy Code section 1126(f). Holders of Claims in Class 4A (ATech/ ATI General Unsecured Claims) voted to accept the Plan by at least two-thirds in amount and one-half in number.  *See* Voting Declaration, Exhibit A. Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(8).

V.    Treatment of Administrative Claims, Priority Tax Claims, and Other Priority Claims (11 U.S.C. § 1129(a)(9)).  The treatment of Claims under the Plan of the type specified in Bankruptcy Code sections 507(a)(1) through 507(a)(8), if any, complies with the provisions of Bankruptcy Code section 1129(a)(9) because Article II of the Plan provides that, except to the extent that an Administrative Claim has already been paid during the Chapter 11 Cases or a

holder of an Allowed Administrative Claim and the Debtors agree to less favorable treatment: (i) each holder of an Allowed Administrative Claim (except with respect to Professional Fee Claims, which shall be paid upon Final Order of allowance by the Bankruptcy Court) shall receive, in full and final satisfaction, compromise, settlement and release of and in exchange for its Allowed Administrative Claim, Cash payment in the amount of the Allowed Administrative Claim from the Remaining Estate Assets of the relevant Post-Effective Date Debtor(s) on or as soon as practical after the relevant order granting the Allowed Administrative Claim becomes a Final Order and (ii) each holder of an Allowed Priority Tax Claim shall receive, at the option of the Debtors, one of the following treatments: (a) Cash in an amount equal to the amount of such Allowed Priority Tax Claim, plus interest at the rate determined under applicable non-bankruptcy law and to the extent provided for by Bankruptcy Code section 511; or (b) such other treatment (which treatment shall be no more favorable than the treatment set forth in subsection (i) of this section) as may be agreed upon by such holder and the Debtors or otherwise determined upon an order of the Bankruptcy Court.  Allowed Priority Tax Claims shall be paid on or as soon as reasonably practicable after the later of (i) the Effective Date, (ii) the date on which such Priority Tax Claim against the Debtors becomes an Allowed Priority Tax Claim, or (iii) such other date as may be ordered by the Bankruptcy Court.  Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

W.    <u>Acceptance by at Least One Impaired Class (11 U.S.C. § 1129(a)(10))</u>.  The requirements of Bankruptcy Code section 1129(a)(10) are met with respect to the Debtors. *See* Voting Declaration, Exhibit A.  Claims and Interests in Class 1 (Secured Tax Claims), Class 2 (Other Secured Claims), Class 3 (Other Priority Claims), Class 4B (GD Chips General Unsecured Claims), Class 4C (RF Chips General Unsecured Claims), certain claims in Class 5

(Intercompany Claims), and Class 6 (Intercompany Interests) are unimpaired under the Plan and are conclusively presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant to Bankruptcy Code section 1126(f).  Holders of Claims in Class 4A (ATech/ATI General Unsecured Claims) are each impaired under the Plan and voted to accept the Plan by at least two-thirds in amount and one-half in number.  *See* Voting Declaration, Exhibit A.  Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(10).

X.   Feasibility (11 U.S.C. § 1129(a)(11)).   The Plan satisfies Bankruptcy Code section 1129(a)(11).  The information in the Disclosure Statement and the evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that the Plan is feasible and that there is a reasonable prospect of the Debtors being able to meet their financial obligations under the Plan and that confirmation of the Plan is not likely to be followed by the need for further liquidation or financial reorganization of the Debtors, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(11).

Y.   Payment of Fees (11 U.S.C. § 1129(a)(12)).   Pursuant to Article XII.C of the Plan, the Debtors are required to pay all statutory fees due and owing to the U.S. Trustee at the time of Confirmation when they become due on or before the Effective Date.  Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(12).

Z.   No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)).   With respect to the Impaired Classes deemed to reject the Plan, the Plan may be confirmed pursuant to section 1129(b) of the Bankruptcy Code even though the requirements of section 1129(a)(8) have not been met.  The Debtors have demonstrated by a preponderance of the evidence that the

Plan (a) satisfies all of the other requirements of section 1129(a) of the Bankruptcy Code and (b) does not "discriminate unfairly" and is "fair and equitable" with respect to Classes that were deemed to reject the Plan.  The Plan is "fair and equitable" with respect to the non-accepting Claimants because no junior Class of Claims or Interests will receive or retain any property from the Debtors' Estates under the Plan on account of such Claims or Interests.  The evidence supporting the Plan proffered or adduced by the Debtors at, or prior to, or in the declaration(s) filed in connection with, the Confirmation Hearing regarding the Debtors' classification and treatment of Claims and Interests: (a) is reasonable, persuasive, credible and accurate; (b) utilizes reasonable and appropriate methodologies and assumptions; and (c) has not been controverted by other creditable evidence.  The Plan, therefore, satisfies the requirements of section 1129 of the Bankruptcy Code and may be confirmed despite the fact that not all Impaired Classes have voted to accept the Plan.

AA.    <u>Only One Plan (11 U.S.C. § 1129(c))</u>.  The Plan is the only plan that was solicited and submitted to the Bankruptcy Court for confirmation in these Chapter 11 Cases.  Accordingly, Bankruptcy Code section 1129(c) is inapplicable in these Chapter 11 Cases.

BB.    <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 and no governmental entity has objected to the confirmation of the Plan on any such grounds.  Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(d).

CC.    <u>Non-Applicability of Certain Sections (11 U.S.C. §§ 1123(c), 1129(a)(13) - (16), 1129(e))</u>.  The Debtors are not individuals and do not owe any domestic support.  The Debtors also have no obligation to pay for retiree benefits and is neither a nonprofit corporation nor a

"small business."    Accordingly, Bankruptcy Code sections 1123(c), 1129(a)(13) - (16) and 1129(e) do not apply to these Chapter 11 Cases.

DD.    <u>Modifications of the Plan (11 U.S.C. § 1127)</u>.    The modifications made to the Plan since the Solicitation do not constitute changes that materially or adversely change the treatment of any Claims or Interests and do not require additional disclosure under Bankruptcy Code section 1125 or resolicitation of acceptances or rejections of the Plan under Bankruptcy Code section 1126, nor do they require that holders of Claims or Interests against the Debtors be afforded an opportunity to change previously cast acceptances or rejections of the Plan.    Thus, the Debtors have complied in all respects with Bankruptcy Code section 1127 and Bankruptcy Rule 3019.

EE.    <u>Satisfaction of Confirmation Requirements</u>.    Based upon the foregoing, all other pleadings, documents, exhibits, statements, declarations and affidavits filed in connection with Confirmation of the Plan, and all evidence and arguments made, proffered or adduced at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.

FF.    <u>Implementation</u>.    All documents and agreements necessary to implement the Plan, and all other relevant and necessary documents, have been negotiated in good faith and at arm's length, do not inappropriately conflict with applicable non-bankruptcy law, and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements.

GG.    <u>Good Faith</u>.    Based on the record before this Bankruptcy Court in these Chapter 11 Cases, the Debtors will be acting in good faith within the meaning of Bankruptcy Code section 1125(e) if it proceeds to (i) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby and (ii) take the actions authorized and directed

by this Confirmation Order, and shall not be liable under any applicable law, rule, or regulation governing solicitation of acceptance or rejection of the Plan or the offer, issuance, sale, or purchase of securities.

HH.   <u>Additional Findings Regarding Releases</u>.   The releases provided pursuant to Article VIII.B and VIII.C of the Plan and as modified herein: (i) represent a sound exercise of the Debtors' business judgment; (ii) were negotiated in good faith and at arm's length; and (iii) are (a) in exchange for good and valuable consideration, (b) a good faith settlement and compromise of the claims released thereby, (c) in the best interest of the Debtors and their Estates, and (d) fair, equitable, and reasonable under the circumstances of these Chapter 11 Cases.

II.   <u>Substantive Consolidation</u>. Article IV.A of the Plan provides for the limited substantive consolidation of the Chapter 11 Cases and Estates of ATI and ATech for all purposes relating to the Plan, including for purposes of voting, distributions, and effectuating and implementing the Plan.  Therefore, the Plan serves as, and is deemed to be, a motion for entry of an order substantively consolidating the Chapter 11 Cases of ATI and ATech for the purposes set forth in the Plan.  Based on, among other things, the Confirmation Brief, the Confirmation Declaration, and the record made at the Confirmation Hearing (i) no class of creditors or interest holders is disadvantaged by the limited substantive consolidation of ATI and ATech and their Estates and (ii) limited substantive consolidation of ATI and ATech and their Estates is justified, appropriate, and in the best interests of the Debtors, their Estates, creditors, and all other parties-in-interest.

JJ.   <u>Retention of Jurisdiction</u>.  Pursuant to Bankruptcy Code sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date,

this Bankruptcy Court, except as otherwise provided in the Plan or herein, shall retain jurisdiction over all matters arising out of, and related to, these Chapter 11 Cases and the Plan to the fullest extent permitted by law.

## ORDER

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:

### General Decrees and Implementation

1. <u>Adequacy of the Disclosure Statement</u>.  The Disclosure Statement hereby is APPROVED on a final basis as containing adequate information within the meaning of Bankruptcy Code section 1125 and contains sufficient information of a kind necessary to satisfy the disclosure requirements of any applicable non-bankruptcy laws, rules and regulations.

2. <u>Confirmation of the Plan</u>.  The Plan, attached hereto as **Exhibit A**, and each of its provisions, shall be, and hereby is, CONFIRMED pursuant to Bankruptcy Code section 1129. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

3. <u>Objections Overruled</u>.   All objections, responses to, and statements and comments, if any, in opposition to or inconsistent with the Plan, other than those withdrawn with prejudice or resolved in their entirety prior to, or on the record at, the Confirmation Hearing, shall be, and hereby are, OVERRULED and DENIED in their entirety.   All withdrawn objections are deemed withdrawn with prejudice.

4. <u>Plan Classification Controlling</u>.   Unless otherwise set forth herein, the classifications of Claims and Interests for purposes of distributions under the Plan shall be governed solely by the terms of the Plan.  The classifications set forth on the Ballots tendered to

or returned by the Debtors' creditors in connection with voting on the Plan (a) were set forth on the Ballots solely for the purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims or Interests under the Plan for distribution purposes, (c) may not be relied upon by any Creditor or Interest holder as representing the actual classification of such Claims or Interests under the Plan for distribution or any other purpose (other than for evidencing the vote of such party on the Plan), and (d) shall not be binding on the Debtors or holders of Claim or Interests for purposes other than for voting.

5. <u>Confirmation Hearing Notice</u>.  The Debtors provided good and sufficient notice of the Confirmation Hearing and the deadlines for filing and serving objections to the Plan, which notices are hereby approved.

6. <u>Implementation of the Plan</u>.  The Debtors and the Plan Administrator each, to the extent applicable and in accordance with the terms and conditions of the Plan, are authorized to (i) execute, deliver, file, and/or record such documents, contracts, instruments, releases, and other agreements, (ii) make any and all distributions and transfers contemplated pursuant to, and as provided for in, the Plan, and (iii) take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Plan.

7. <u>No Action</u>.  To the extent that, under applicable non-bankruptcy law, any action to effectuate the terms of this Plan would otherwise require the consent or approval of the directors or officers of the Debtors, this Confirmation Order shall, pursuant to Bankruptcy Code sections 1123(a)(5) and 1142, constitute the consent or approval, and such actions are deemed to have been taken by unanimous action of the directors and officers of the Debtors.

8.      <u>Binding Effect</u>.  From and after entry of this Confirmation Order, and subject to the occurrence of the Effective Date, except to the extent otherwise provided in the Plan or this Confirmation Order, the provisions of the Plan, as applicable, shall be binding on and shall inure to the benefit of, any heir, executor, administrator, personal representative, successor, or assign of such Person, including, but not limited to, all holders of Claims and Interests of the Debtors (irrespective of whether such Claims or Interests are impaired under the Plan or whether the holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Plan), and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors, and all other parties in interest in the Chapter 11 Cases.

9.      <u>Vesting of Assets in the Post-Effective Date Debtors</u>.  Notwithstanding Bankruptcy Code section 1141(b), upon the Effective Date, the Debtors' assets shall vest in the Post-Effective Date Debtors, under the exclusive control of the Plan Administrator, in accordance with the provisions of the Plan and this Confirmation Order.

10.     <u>Cancellation of Outstanding Interests</u>.  As of the Effective Date, except for purposes of evidencing a right to a distribution under the Plan or as otherwise provided for in the Plan or herein, (a) all agreements and other documents evidencing the Claims or rights of any holders of such Claims against the Debtors, including, but not limited to, all contracts, notes and guarantees, and (b) all Interests, shall be deemed automatically cancelled and the obligations of the Debtors thereunder or in any way related thereto, including any obligation of the Debtors to pay any franchise or similar type taxes on account of such Claims or Interests, shall be released.

11.     <u>Cancellation of Existing Securities</u>.  Except as otherwise provided in the Plan or any agreement, instrument or other document incorporated in the Plan, on the Effective Date, the obligations of the Debtors pursuant, relating or pertaining to any agreements, indentures,

certificates of designation, bylaws or certificate or articles of incorporation or similar documents governing the shares, certificates, notes, bonds, purchase rights, options, warrants or other instruments or documents evidencing or creating any indebtedness or obligation of the Debtors (except such agreements, certificates, notes or other instruments evidencing indebtedness or obligations of the Debtors that are specifically reinstated pursuant to the Plan) shall be released.

12.    <u>Directors, Officers and Board Members of the Debtors</u>.  As of the Effective Date, except for purposes of evidencing a right to a distribution under the Plan or as otherwise provided for in the Plan or herein, all officers, directors and members of the Board of the Debtors shall be deemed to have been terminated without cause and shall be discharged from any further duties and responsibilities in such capacity.

13.    <u>Debtors' Existence</u>.  From and after the Effective Date, the Debtors shall (1) be deemed to have withdrawn their business operations from any state in which the Debtors were previously conducting, or are registered or licensed to conduct, their business operations, and shall not be required to file any document, pay any sum or take any other action in order to effectuate such withdrawal, (2) be deemed to have cancelled pursuant to the Plan all Interests other than the Intercompany Interests, and (3) not be liable in any manner to any taxing authority for franchise, business, license, or similar taxes accruing on or after the Effective Date. However, the Plan Administrator shall have the authority to take all necessary action to dissolve the Debtors and their Estates.  Upon the Effective Date, all transactions and applicable matters provided under the Plan shall be deemed to be authorized by the Debtors without any requirement of further action by the Debtors.  On and after the Effective Date, the Debtors' remaining assets and affairs shall be administered and managed by the Plan Administrator in accordance with the Plan.

**Treatment of Executory Contracts and Unexpired Leases**

14.     The provisions of Article V of the Plan governing executory contracts and unexpired leases are hereby approved in their entirety.

15.     Rejection of Contracts and Leases.  On the Effective Date, except as otherwise provided under the Plan, and except to the extent that the Debtors either previously have assumed, assumed and assigned, or rejected an executory contract or unexpired lease by an order of the Bankruptcy Court or have filed a motion to assume or assume and assign an executory contract or unexpired lease prior to the Effective Date, each executory contract and unexpired lease entered into by the Debtors prior to the Petition Date that has not previously expired or terminated pursuant to its own terms shall be deemed rejected pursuant to Bankruptcy Code section 365.  This Confirmation Order shall constitute approval of any such rejections pursuant to Bankruptcy Code sections 365(a) and 1123.

16.     Claims Based on Rejection of Contracts or Leases.  Claims, if any, created by the rejection of executory contracts and unexpired leases, must be filed with the Bankruptcy Court and served on the Plan Administrator within thirty (30) days after the earlier of (a) service of Notice of the Effective Date, or (b) service of notice of entry of an order of the Bankruptcy Court (other than this Confirmation Order) approving the rejection of a particular Executory Contract or Unexpired Lease on the counterparty thereto.  Any Claims arising from the rejection of an executory contract or unexpired lease for which proofs of claim are not timely filed within that time period will not be considered Allowed and such person or entity shall not be treated as a creditor for purposes of distributions under the Plan, unless otherwise ordered by the Bankruptcy Court or as otherwise provided herein or in the Plan.

**Distributions and Claims**

17.    <u>Distributions</u>.  The provisions of the Plan governing distributions and procedures for resolving and treating Disputed Claims are approved and found to be fair and reasonable. Except as otherwise provided in the Plan, holders of Claims shall not be entitled to interest, dividends, or accruals on the distributions provided for in the Plan, regardless of whether such distributions are delivered on or at any time after the Effective Date.

18.    <u>Objections to Claims</u>.  Any objections to a proof of Claim, other than Professional Fee Claims or Claims or Interests that are Allowed pursuant to the Plan, shall be filed on or before the thirtieth (30th) day after the Effective Date, or such later deadline for objecting to claims as may be fixed by an order of this Bankruptcy Court upon motion filed by the Plan Administrator (the "<u>Claims Objection Deadline</u>").  Absent further order of this Bankruptcy Court, any objection not filed by such deadline shall be deemed waived, and the Claim shall be an Allowed Claim in the amount set forth on the proof of claim filed by the holder of such Claim.  With respect to any Claim objection that was filed by the Debtors but not yet resolved by entry of a Final Order prior to the Effective Date, the Plan Administrator, shall be substituted in the place of the Debtors, as of the Effective Date, and shall have the right to continue to prosecute or to settle such objections in accordance with the terms of the Plan and this Confirmation Order.

19.    <u>Setoffs and Recoupment</u>.  Except with respect to Professional Fee Claims or Claims or Interests that are Allowed pursuant to the Plan, the Plan Administrator may, but shall not be required to, setoff against or recoup from any Claims of any nature whatsoever that the Debtors may have against the claimant pursuant to Bankruptcy Code section 558 or otherwise, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a

waiver or release by the Debtors or the Plan Administrator of any such Claim it may have against the holder of such Claim.

20.    <u>Administrative Claim Bar Date</u>.    Except as otherwise provided in the Plan, requests for payment of Administrative Claims must have been or be filed on or before the Administrative Claims Bar Date, which is 5:00 p.m. prevailing Eastern Time on the date that is twenty-one (21) days from service of the notice of the Effective Date for Administrative Claims arising from the Petition Date through and including the Effective Date  The Notice of Effective Date shall set forth the Administrative Claims Bar Date for claims arising from the Petition Date through and including the Effective Date, and shall be served by the Debtors on all parties known to hold or assert Administrative Claims.  Holders of Administrative Claims that are or were required to, but did not or do not, file and serve a request for payment of such Administrative Claims by such applicable dates shall be entitled to no distribution under the Plan.

21.    <u>Professional Fee Claims</u>.    All final requests for Payment of Professional Fee Claims must be filed and served on the Plan Administrator, the United States Trustee and such other entities who are designated by the Bankruptcy Rules, the Interim Compensation Order or any other applicable order of the Bankruptcy Court, and other necessary parties in interest no later than thirty (30) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court; <u>provided</u>, <u>however</u>, that any Professional who may receive compensation or reimbursement of expenses pursuant to the Ordinary Course Professional Order may continue to receive such compensation or reimbursement of expenses for services rendered before the Effective Date, without further Bankruptcy Court order, pursuant to the Ordinary Course Professional Order.  Objections to any Professional Fee Claim must be Filed and served on the

Plan Administrator and the requesting party no later than twenty-one (21) days from the service of an application for final allowance of a Professional Fee Claim. To the extent necessary, the Plan and this Confirmation Order shall amend and supersede any previously entered order regarding the payment of Professional Fee Claims.

22.    <u>Post-Effective Date Expenses</u>. For services rendered from and after the Effective Date, the payment of the fees and expenses of the retained professionals of the Plan Administrator shall not be subject to an application and shall be made in the ordinary course of business and without approval of the Bankruptcy Court.

**<u>Releases, Injunction and Exculpation</u>**

23.    All release, injunction and exculpation provisions contained in the Plan, including, without limitation, those contained in Article VIII of the Plan, are hereby authorized, approved and shall be effective and binding on all persons and entities, to the extent expressly described in the Plan.

24.    Notwithstanding anything contained in the Plan, the Debtors are not receiving a discharge pursuant to section 1141(d)(1)(A) of the Bankruptcy Code.

25.    <u>Injunction</u>. Except as otherwise specifically provided in the Plan, all Persons who have held, hold, or may hold Claims against or Interests in the Debtors and any successors, assigns or representatives of such Person shall be precluded and permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting or enforcing any

encumbrance of any kind against such Entities or the property or the Estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  All holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan; provided, however, that the foregoing injunction shall have no effect on the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.

**Payment of Statutory Fees and Tax Issues**

26. _Payment of Statutory Fees_.  All fees due and payable pursuant to section 1930 of Title 28 of the U.S. Code, together with the statutory rate of interest set forth in section 3717 of Title 31 of the U.S. Code to the extent applicable ("Quarterly Fees") prior to the Effective Date shall be paid by the Debtors on the Effective Date.  After the Effective Date, all Quarterly Fees shall be paid when due and payable.  Within two (2) business days of the Effective Date, the Post-Effective Date Debtors or the Plan Administrator shall file the Notice of Effective Date, identifying the Effective Date and indicating that it has occurred.  The Debtors shall file all

monthly operating reports due prior to the Effective Date when they become due, using UST Form 11-MOR.  After the Effective Date, the Plan Administrator shall file with the Bankruptcy Court UST Form 11-PCR reports when they become due.  To be clear, pursuant to Article XII.C of the Plan, all Disbursing Entities shall be jointly and severally liable to pay the Quarterly Fees. The U.S. Trustee shall not be required to file any Administrative Claim in the cases and shall not be treated as providing any release under the Plan.

27.    Compliance with Tax Requirements.  The Plan Administrator and the Debtors, to the extent applicable, shall comply with all tax withholding and reporting requirements imposed by any federal, state, provincial, local, or foreign taxing authority, and all distributions made pursuant to the Plan shall be subject to any such withholding and reporting requirements.  The Plan Administrator shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements including, without limitation, requiring that, as a condition to the receipt of a distribution, the holder of an Allowed Claim or Interest complete the appropriate IRS Form W-8 or IRS Form W-9, as applicable to each holder.  Notwithstanding any other provision of the Plan, (i) each holder of an Allowed Claim or Interest that is to receive a distribution pursuant to the Plan shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed on such holder by any governmental unit, including income and other tax obligations, on account of such distribution, and (ii) no distribution shall be made to or on behalf of such holder pursuant to the Plan unless and until such holder has made arrangements satisfactory to the Plan Administrator to allow it to comply with its tax withholding and reporting requirements.  To the extent arrangements have not been made or any necessary documentation has not been provided by

such holder to the Plan Administrator, the distribution on such Allowed Claim or Allowed Interest shall be deemed Unclaimed Property.

28.     <u>Exemption from Certain Taxes and Fees</u>.  Pursuant to Bankruptcy Code section 1146(a), the issuance, transfer, or exchange of any security, or the making or delivery of an instrument of transfer under the Plan, shall not be taxed under any law imposing a stamp tax or similar tax.  This Confirmation Order directs all relevant state or local governmental officials or agents to forego the collection of any such tax and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax.  Such exemption specifically applies, without limitation, to all documents necessary to evidence and implement distributions under the Plan and all documents necessary to evidence and implement any of the transactions and actions described in the Plan.

**<u>Substantive Consolidation</u>**

29.     Substantive consolidation pursuant to Article IV of the Plan and the terms set forth therein is approved.

**<u>Miscellaneous</u>**

30.     <u>Immaterial Modifications</u>.  Without need for further order or authorization of the Bankruptcy Court, but subject to any limitations set forth in the Plan, the Debtors are authorized and empowered to make any and all modifications to any and all documents that is necessary to effectuate the Plan that does not materially modify the terms of such documents or adversely affect any holder of a claim or interest in the cases, unless such holder expressly agrees to such modification, and are consistent with the Plan and this Confirmation Order.

31.     <u>Effect of Confirmation on Modifications</u>.  Entry of this Confirmation Order means that all modification or amendments to the Plan since the solicitation thereof are approved

pursuant to Bankruptcy Code section 1127(a) and do not require additional disclosure or resolicitation under Bankruptcy Rule 3019.

32.    <u>Documents and Instruments</u>.  Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Confirmation Order.

33.    <u>Conditions to Effective Date</u>.  The Plan shall not become effective unless and until the conditions set forth in Article IX of the Plan have been satisfied or waived pursuant to Article IX of the Plan.

34.    <u>Vacatur of Order</u>.  If this Confirmation Order is vacated or deemed vacated, then the Plan shall be deemed null and void in all respects, and nothing contained in the Plan shall (i) constitute a waiver or release of any Claims against or Interests in the Debtors, (ii) prejudice in any manner the rights of the holder of any Claim against, or Interest in, the Debtors, (iii) prejudice in any manner any right, remedy or claim of the Debtors, or (iv) be deemed an admission against interest by the Debtors or any other Person or Entity.

35.    <u>Retention of Jurisdiction</u>.  The Bankruptcy Court shall retain and have jurisdiction over any matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to Bankruptcy Code sections 105(a) and 1142, including, but not limited to the matters set forth in Article XI of the Plan.

36.    <u>Forum for Actions</u>.  Without permission of the Bankruptcy Court, no judicial, administrative, arbitral, or other action or proceeding shall be commenced against the Plan Administrator in its capacity as such, with respect to its status, duties, powers, acts, or omissions in such capacity in any other forum than the Bankruptcy Court.

37.    <u>Conflicts</u>.  To the extent that any provisions of the Disclosure Statement or any other order (other than this Confirmation Order) entered in the Chapter 11 Cases (or any exhibits, schedules, appendices, supplements or amendments to any of the foregoing), conflict with or are in any way inconsistent with any provision of the Plan, this Confirmation Order shall govern and control except as expressly set forth herein or in the Plan.

38.    <u>Severability of Plan Provisions</u>.  Each term and provision of the Plan, as it may have been amended by this Confirmation Order, is: (i) valid and enforceable pursuant to its terms; (ii) integral to the Plan and may not be deleted or modified without the Debtors' consent; and (iii) non-severable and mutually dependent.

39.    <u>Waiver or Estoppel</u>.  Each holder of a Claim or an Interest shall be deemed to have waived any right to assert any argument, that its Claim or Interest should be Allowed in a certain amount, in a certain priority, secured or not subordinated by virtue of an agreement made with the Debtors or their counsel, or any other entity, if such agreement was not disclosed in the Plan, the Disclosure Statement, papers filed with this Bankruptcy Court, or stated on the record at the Confirmation Hearing, prior to the Confirmation Date.

40.    <u>Governing Law</u>.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of Delaware, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction and implementation of the Plan, any agreements, documents, instruments or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control).

41.     <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to Bankruptcy Code sections 1123(a) and 1142(a), the provisions of this Confirmation Order, the Plan, and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

42.     <u>Notice of Order</u>.  In accordance with Bankruptcy Rules 2002 and 3020(c), within two (2) business days of the Effective Date, the Debtors shall serve notice of the entry of this Confirmation Order and the occurrence of the Effective Date, substantially in the form annexed hereto as **<u>Exhibit B</u>**, to all parties who currently hold a Claim or Interest in these Chapter 11 Cases, including the U.S. Trustee, the Internal Revenue Service, the United States Attorney for the District of Delaware, the SEC, and any party filing a notice pursuant to Bankruptcy Rule 2002.  Such notice is hereby approved in all respects and shall be deemed good and sufficient notice of entry of this Confirmation Order.

43.     <u>Term of Injunctions or Stays</u>.  The injunctions contained in the Plan, including, but not limited to those provided in Article VIII of the Plan, are hereby authorized, approved and binding on all Persons and Entities described therein.  Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays pursuant to Bankruptcy Code sections 105 or 362 arising under or entered during the Chapter 11 Cases, or otherwise, and in existence on the date hereof, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay and to the extent consistent with the terms and provisions of the Plan or this Confirmation Order, as applicable.

44.     <u>No Waiver</u>.  The failure to specifically include or refer to any particular provision of the Plan in this Confirmation Order will not diminish the effectiveness of such provision nor

constitute a waiver thereof, it being the intent of this Bankruptcy Court that the Plan is confirmed in its entirety and incorporated herein by this reference.

45.    <u>Waiver of Stay</u>.    The requirement under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of fourteen (14) days after entry of the order is hereby waived.  This Confirmation Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(h), 6006(d), or 7062 or other applicable rule.

Dated: _____, 2025
Wilmington, Delaware

_____
THE HONORABLE LAURIE SELBER SILVESTEIN
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT A**

# **EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ATECH (PARENT) RESOLUTION CORP., *et al.*,[1] | Case No. 24-12796 (LSS) |
| | (Jointly Administered) |
| Debtors. | Ref. Nos. 823, 825 &___ |

**NOTICE OF (A) ENTRY OF THE ORDER (I) APPROVING THE DISCLOSURE
STATEMENT ON A FINAL BASIS AND (II) CONFIRMING THE JOINT CHAPTER 11
PLAN OF ATECH (PARENT) RESOLUTION CORP. AND ITS DEBTOR AFFILIATES;
(B) THE EFFECTIVE DATE THEREOF; AND (C) CERTAIN DEADLINES**

**TO CREDITORS, HOLDERS OF CLAIMS AND INTERESTS, AND PARTIES IN
INTEREST, PLEASE TAKE NOTICE THAT:**

1.  **Confirmation of the Plan.** On December __, 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming Joint Chapter 11 Plan of ATech (Parent) Resolution Corp. and Its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis* [D.I. ___] (the "Confirmation Order") (i) approving on a final basis the *Disclosure Statement for Joint Chapter 11 Plan of ATech (Parent) Resolution Corp. and Its Debtor Affiliates* [D.I. 823] (as further modified, revised, supplemented and amended including all attachments and exhibits thereto, the "Disclosure Statement"); and (ii) confirming the *Joint Chapter 11 Plan of ATech (Parent) Resolution Corp. and Its Debtor Affiliates* [D.I. 825] (as further modified, supplemented and amended including all attachments and exhibits thereto, the "Plan").[2]

2.  **Effective Date of the Plan.** All conditions precedent to occurrence of the Effective Date of the Plan have been satisfied or waived.  The Effective Date of the Plan occurred on December __, 2025.

3.  **Copies of the Plan and the Confirmation Order.**  Copies of the Confirmation Order, Disclosure Statement, the Plan, and related documents, are available free of charge at https://cases.stretto.com/ATech, or for a fee at the Bankruptcy Court's website at www.deb.uscourts.gov.   The Confirmation Order, Disclosure Statement, Plan and related

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: ATech (Parent) Resolution Corp. (9046), ATech Resolution Corp. (5617), GD Chips Resolution Corp. (f/k/a Grinding and Dicing Services, Inc.) (7929), and RF Chips Resolution Corp. (1138).  The Debtors' mailing address is c/o Getzler Henrich & Associates LLC, 295 Madison Avenue, 20th Floor, New York, NY 10017, Attn: Mark D. Podgainy.

[2] All capitalized terms used herein and not otherwise defined herein shall have the respective meanings ascribed to them in the Plan.

documents also are available for inspection during regular business hours in the office of the Clerk of the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

4. **Administrative Claim Bar Date.** Pursuant to Article I.A of the Plan, the deadline for filing proofs of claim or requests for payment of Administrative Claims arising on or after the Petition Date through the Effective Date (the "Administrative Expense Requests") is twenty-one (21) days from the date of service of this Notice of Effective Date, which is [_____], 2026. All Administrative Expense Requests should be submitted to Stretto, Inc. (the "Claims Agent"), in accordance with the terms of the Bar Date Order [D.I. 555]. Administrative Expense Requests will be deemed timely filed only if **actually received** by the Claims Agent on or before **[_____], 2026 at 4:00 p.m. (prevailing Eastern Time)** (the "Administrative Claim Bar Date"). Each Administrative Expense Request, including supporting documentation, must be submitted: (i) on or before the Administrative Claim Bar Date, by completing the administrative proof of claim form, copies of which can be accessed at the Claims Agent's website https://cases.stretto.com/ATech, and clicking on the Tab "File a Claim," and following the directions given therein; or (ii) by United States mail or other hand delivery system, so as to be **actually received** by the Claims Agent on or before the applicable Administrative Bar Date at the following address:

> ATech (Parent) Resolution Corp., *et al.* Claims Processing Center
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

Administrative Expense Requests may **not** be delivered by facsimile, telecopy or electronic mail transmission to the Clerk of the Court or the Debtors.

**If you are required to file a Administrative Expense Request pursuant to Article I.A of the Plan and fail to do so by the Administrative Claims Bar Date, your untimely Administrative Expense Claim will not be considered as Allowed, and you will not be treated as a creditor for purposes of distributions with respect to such claim, and you shall be entitled to no distribution under the Plan with respect to such claim.**

5. **Professional Fee Bar Date.** Pursuant to Article I.A of the Plan, any Professional seeking an award by the Bankruptcy Court of compensation or reimbursement of expenses in accordance with Bankruptcy Code sections 328, 330 or 331 or entitled to priorities established pursuant to Bankruptcy Code sections 503(b)(2), 503(b)(3), 503(b)(4), or 503(b)(5) shall (1) file with the Clerk of the Bankruptcy Court no later than thirty (30) days after the Effective Date which is **[_____] at 4:00 p.m. (prevailing Eastern Time)** (the "Professional Fee Bar Date"), an application, including, without limitation, a final fee application, for such award of compensation or reimbursement; (2) serve a copy thereof, together with exhibits and schedules related thereto, upon: (i) counsel to the Debtors, (a) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Matthew B. McGuire, Esq. (mcguire@lrclaw.com), Matthew R. Pierce, Esq. (pierce@lrclaw.com) and Joshua B. Brooks, Esq. (brooks@lrclaw.com) and (b) K&L Gates LLP, Southeast Financial Center, Suite 3900, 200 South Biscayne Boulevard, Miami, Florida 33131, Jeffrey T. Kucera, Esq. (jeffrey.kucera@klgates.com); 301 Hillsborough Street, Suite 1200, Raleigh, North Carolina 27603, Margaret R. Westbrook, Esq.

(margaret.westbrook@klgates.com); and 300 South Tryon Street, Suite 1000, Charlotte, North Carolina 28202, Jonathan N. Edel, Esq. (jon.edel@klgates.com); (ii) counsel to the Official Committee of Unsecured Creditors, (a) Paul Hastings LLP, 71 South Wacker Drive, Suite 4500, Chicago, IL 60606 (Attn: Matt Warren (mattwarren@paulhastings.com) and 200 Park Avenue New York, NY 10166 (Attn: Gabe Sasson (gabesasson@paulhastings.com)) and (b) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Matthew Lunn (mlunn@ycst.com); and (iii) the Office of The United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Jonathan W. Lipshie, Esq. (jon.lipshie@usdoj.gov); and (3) comply with the applicable requirements for such claim.

6. **Rejection Bar Date.** Pursuant to paragraph __ of the Confirmation Order, on the Effective Date, except as otherwise provided under the Plan, and except to the extent that the Debtors either previously have assumed, assumed and assigned, or rejected an executory contract or unexpired lease by an order of the Bankruptcy Court or have filed a motion to assume or assume and assign an executory contract or unexpired lease prior to the Effective Date, each executory contract and unexpired lease entered into by the Debtors prior to the Petition Date that has not previously expired or terminated pursuant to its own terms shall be deemed rejected pursuant to Bankruptcy Code section 365. Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be Filed with the Bankruptcy Court (via the Claims Agent) no later than (i) any deadline established for creditors holding General Unsecured Claims to file proofs of claim against the Debtors; (ii) thirty (30) days after the date of an order of the Bankruptcy Court approving such rejection; and (iii) specifically for those claims created by the rejection of contracts by means of the Plan, thirty (30) days after the Effective Date (the "Rejection Claims"). All such Rejection Claims should be submitted to the Claims Agent, in accordance with the terms of the Bar Date Order [D.I. 555]. Rejection Claims will be deemed timely filed only if **actually received** by the Claims Agent on or before **[_____], 2026 at 4:00 p.m. (prevailing Eastern Time)** (the "Rejection Bar Date"). Each Rejection Claim, including supporting documentation, must be submitted: (i) on or before the Rejection Claim Bar Date, by completing the proof of claim form, copies of which can be accessed at the Claims Agent's website https://cases.stretto.com/ATech, and clicking on the Tab "File a Claim," and following the directions given therein; or (ii) by United States mail or other hand delivery system, so as to be **actually received** by the Claims Agent on or before the Rejection Bar Date at the following address:

> ATech (Parent) Resolution Corp., *et al.* Claims Processing Center
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

Rejection Claims may **not** be delivered by facsimile, telecopy or electronic mail transmission to the Clerk of the Court or the Debtors. Absent order of the Court to the contrary, any Rejection Claims not Filed by the applicable deadline will not be considered Allowed and such person or entity shall not be treated as a creditor for purposes of distributions under the Plan with respect to such claim.

7. **Binding Nature of Plan.**  The Plan and its provisions are binding on the Debtors and any holder of a Claim against, or Interest in, the Debtors, and such holder's respective successors and assigns, whether or not the Claim or Interest of such holder is impaired by the Plan and whether or not such holder voted to accept or reject the Plan.

Dated:  December __, 2025
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ DRAFT*_____
Matthew B. McGuire (No. 4366)
Matthew R. Pierce (No. 5946)
Joshua B. Brooks (No. 6765)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:    (302) 467-4400
Email:        mcguire@lrclaw.com
              pierce@lrclaw.com
              brooks@lrclaw.com

- and -

**K&L GATES LLP**

Jeffrey T. Kucera (admitted *pro hac vice*)
Southeast Financial Center, Suite 3900
200 South Biscayne Blvd.
Miami, Florida 33131
Telephone:    (305) 539-3300
Email:        jeffrey.kucera@klgates.com

- and -

Margaret R. Westbrook (admitted *pro hac vice*)
301 Hillsborough Street, Suite 1200
Raleigh, North Carolina 27603
Telephone:    (919) 743-7300
Email:        margaret.westbrook@klgates.com

*Counsel to the Debtors and Debtors in Possession*